UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

RANDALL ALLAN BROWN and
TERRI LYNN BROWN,

               Debtors.

Case No. A08-00235-DMD
Chapter 13

**Filed On
11/17/08**

## MEMORANDUM ON DEBTORS' OBJECTION
## TO PROOF OF CLAIM NO. 7 [Philomena King],
## AND DEBTORS' MOTION TO AVOID JUDICIAL LIEN

Philomena King has filed Proof of Claim No. 7 in this case as a secured claim for $28,780.00. The debtors have filed an objection to King's claim and have also moved to avoid King's judicial lien against their home. The debtors contend King's claim should be allowed as a general unsecured claim rather than a secured one. For the reasons stated below, the debtors' objection to Ms. King's claim and the motion to avoid Ms. King's judicial lien will be granted.

Background

In May, 2007, Ms. King purchased a 2002 Smith Co. side dump trailer from Randall Brown for the sum of $26,000.00. At the time of the purchase, Brown represented to Ms. King that he had clear title to the trailer.[1] The trailer was, in fact, encumbered by a security interest in favor of Matanuska Valley Federal Credit Union. Ms. King repeatedly

---

[1] *See* Ex. 4 (Affidavit of Creditor Philomena King), at p. 1, attached to Obj. to Mot. to Avoid J. Lien Held by Philomena King, filed Oct. 13, 2008 (Docket No. 40).

asked the Browns for the title to the trailer, and received several excuses as to why the title couldn't be delivered. Meanwhile, the loan to the credit union became delinquent and the trailer was repossessed.

After the trailer was repossessed, Ms. King filed a state court civil action to recover the funds she had paid for it. She obtained a default judgment in the sum of $28,780.00 against the Browns on October 2, 2007, and recorded a copy of the judgment in the Palmer Recording District, where the Brown's home is located. On April 30, 2008, the Browns filed their chapter 13 petition. Subsequent to the Brown's bankruptcy filing, on May 21, 2008, Ms. King recorded a UCC financing statement on the trailer. She filed a timely claim in this bankruptcy case. The claim is in the amount of $28,780.00, which Ms. King contends is secured. Also, on September 30, 2008, Ms. King initiated an adversary proceeding against the debtors seeking to except her debt from discharge as a willful and malicious injury under 11 U.S.C. § 523(a)(6). The adversary proceeding was dismissed by this court, without prejudice, on November 3, 2008.

Discharge in Chapter 13 Cases

Two interrelated matters are now pending in this bankruptcy case: the debtors' objection to Ms. King's secured claim and the debtors' motion to avoid Ms. King's judicial lien. Before these matters are addressed on the merits, it would be helpful to review the Bankruptcy Code provisions governing a debtor's discharge in chapter 13 cases. The

2

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA")[2] became effective October 17, 2005. BAPCPA made substantial changes to the Bankruptcy Code; one such change was that the scope of a chapter 13 discharge was narrowed. Certain debts which had previously been discharged upon a debtor's completion of his plan, under § 1328(a), were now excepted from discharge.[3] Significant to the matters pending here, debts falling under § 523(a)(2) and (4) are no longer excepted from a chapter 13 discharge.[4] Further, for a debtor who fully performs under a chapter 13 plan, the discharge of debts for "willful and malicious injuries" under § 523(a)(6) has been bifurcated. Only debts "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury that caused personal injury to an individual or the death of an individual" are excepted from discharge under § 1328(a).[5] Debts for economic injuries or injuries to property are discharged when a debtor fully performs his plan, even if such debts would otherwise fall under the § 523(a)(6) discharge exception.[6]

After BAPCPA was enacted, Interim Bankruptcy Rule 4007 was approved by the Advisory Committee on Bankruptcy Rules and suggested for adoption by bankruptcy

---

[2] Pub. L. No. 109-8, 119 Stat. 23 (April 20, 2005).

[3] 9 *Collier on Bankruptcy* ¶ 4007.07 (15th ed. rev'd 2008).

[4] 11 U.S.C. § 1328(a)(2) (2008).

[5] 11 U.S.C. § 1328(a)(4) (2008).

[6] 8 *Collier on Bankruptcy* ¶ 1328.02[3][k] (15th ed. rev'd 2008).

3

courts as a local rule.[7]  Because bankruptcy courts have exclusive jurisdiction to determine the dischargeability of debts under §§ 523(a)(2) and (4), Interim Rule 4007(c) adopted and applied to chapter 13 cases the deadline already set for filing complaints objecting to dischargeability of these type of debts in chapter 7, 11 and 12 cases:  60 days after the first § 341 meeting of creditors.[8]  Further, Interim Rule 4007(d) requires the court to set a deadline for filing complaints objecting to discharge of a debt under § 523(a)(6), but only when a debtor moves for a hardship discharge under § 1328(b).  As noted above, debts for willful and malicious injury are treated differently when a chapter 13 debtor receives a full compliance discharge under § 1328(a).  Under § 1328(a)(4), only debts for personal injury or wrongful death which have resulted from willful or malicious injury are excepted from discharge, and no deadline has been set for a creditor to litigate the dischargeability of any unpaid portion of these type of debts.[9]

This court issued a General Order which adopted Interim Rule 4007, as well as other Interim Rules, effective October 17, 2005.[10]  The Interim Rules were posted on this court's web site.[11]  These rules will be rescinded on  December 1, 2008, when new federal

---

[7] 9 *Collier on Bankruptcy* ¶ 4007.07.

[8] *Id.*

[9] 8 *Collier on Bankruptcy* ¶ 1328.02[3][k].

[10] *In re Adoption of Interim Bankruptcy Rules*, General Order No. 2005-1, filed Sept. 19, 2005, found under "General Orders" at: http://www.akb.uscourts.gov (Nov. 14, 2008).

[11] *See* Interim Rules Approved by the Judicial Conference of the United States (August/October 2005), found under "Local Rules" at: http://www.uscourts.gov (Nov. 14, 2008).

4

rules amendments become effective. The December 1, 2008, version of Fed. R. Bankr. P. 4007 is identical to Interim Rule 4007.

Ms. King's § 523(a)(2) and (6) Claims

Ms. King argues that Brown's failure to pay Mat Valley's lien after selling the trailer was a willful and malicious injury under 11 U.S.C. § 523(a)(6), or a debt incurred by fraud under § 523(a)(2)(A). Regardless of how the claim is characterized, if the Browns present a confirmable plan and fully perform under its terms, the unpaid portion of Ms. King's claim will be discharged. First, in accordance with Interim Rule 4007(c), July 28, 2008, was set in this case as the deadline for filing complaints objecting to discharge of debts under § 523(a)(2).[12] Notice of this deadline was served on all creditors and parties in interest in this case, including Ms. King.[13] Ms. King did not file a complaint objecting to discharge of her debt by this deadline. Because she missed this deadline, her § 523(a)(2) claim will not be excepted from discharge, regardless of whether the Browns receive a full compliance discharge under § 1328(a) or a hardship discharge under § 1328(b). However, if this case is converted to one under chapter 7, a new deadline for filing such complaints will be set and Ms. King could assert a § 523(a)(2) claim in the chapter 7 case.[14]

---

[12] *See* Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines, filed May 1, 2008 (Docket No. 11).

[13] *See* BNC Certificate of Service, filed May 3, 2008 (Docket No. 15).

[14] Fed. R. Bankr. P. 1019(2) (2008).

5

Ms. King's § 523(a)(6) claim would also be discharged if the debtors obtain a full compliance discharge under § 1328(a). She has suffered an economic injury resulting from misrepresentations she says were made by Mr. Brown. Even if this breach of contract could be considered a willful and malicious injury under § 523(a)(6), in the context of a discharge granted under § 1328(a), any unpaid portion of her claim would be discharged. The debtor's conduct has not resulted in personal injury or death to Ms. King, as required for exception to discharge under § 1328(a)(4). On the other hand, if this case is converted to chapter 7, Ms. King will have an opportunity to assert her § 523(a)(6) claim in the chapter 7 case.[15] Further, if the debtors cannot fully perform their plan and instead seek a hardship discharge under § 1328(b), a deadline for filing complaints objecting to discharge under § 523(a)(6) will be set by this court, and Ms. King can file a dischargeability action at that time. At this phase of the case, however, Ms. King is foreclosed from pursuing both her § 523(a)(2) and (6) claims.

Ms. King's Proof of Claim No. 7 and the Debtors' Motion to Avoid Lien

Ms. King contends she holds a secured claim. As evidence of her security interest, she has attached a copy of a UCC financing statement to her proof of claim. The

---

[15] Fed. R. Bankr. P. 1019(2)

6

financing statement was recorded post-petition, on May 21, 2008. This recording was in violation of the automatic stay imposed by 11 U.S.C. § 362(a)(4), and is therefore void.[16]

Further, Ms. King has not produced a signed security agreement between herself and the Browns. The only documentation she has provided is a copy of a one-page, hand written bill of sale which "relinquishes" ownership of the trailer, as is, to King. Nothing in this document purports to create a security interest. The financing statement Ms. King filed purports to cover the side dump trailer which she purchased from the Browns. However, Ms. King has no agreement with either the Browns or Matanuska Valley Credit Union which allows her to place a lien on the trailer.

"[A] security agreement is effective according to its terms between the parties, against purchasers of the collateral, and against creditors."[17]  A security interest will not attach unless the debtor has executed a security agreement.[18] Because the Browns did not execute a security agreement, Ms. King had no basis for recording the financing statement. She was not given an enforceable security interest in the side dump trailer or any other asset of the debtors.

---

[16] *Burkart v. Coleman (In re Tippett)*, 542 F.3d 684, 690-91 (9th Cir. 2008) [violations of the automatic stay are void, not voidable], *citing Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir. 1992).

[17] Ak. Stat. § 45.29.201(a) (2008).

[18] Ak. Stat. § 45.29.203(b)(3)(A) (2008). There are other conditions for attachment of a security interest which are not applicable here.

Ms. King also recorded a copy of her default judgment in the Palmer Recording District. This recording was done before the debtors filed bankruptcy. By recording the judgment, Ms. King obtained a judicial lien against the debtors' residence in Palmer.[19] The Browns have moved to avoid King's judicial lien under 11 U.S.C. § 522(f)(1)(A). Section 522(f)(1)(A) permits a debtor to avoid a judicial lien in property to the extent that such lien impairs an exemption to which the debtor would otherwise have been entitled.[20] Here, the debtors have claimed a homestead exemption under § 522(d)(1), in the amount of $25,000.00. The scheduled value of their home is $116,000.00. The Browns have scheduled first and second mortgage liens on their residence, in the amounts of $91,000.00 and $10,442.61, respectively. The claims filed by the two mortgagors indicate that their liens are for significantly more, however. Mat Valley Credit Union has filed a secured claim in the sum of $117,182.18;[21] Mr. Baum has filed a secured claim for $12,838.00.[22] The sum total of the two mortgage liens, Ms. King's judicial lien, and the debtors' homestead exemption clearly exceeds the value of the residence. Consequently, Ms. King's judicial lien impairs an exemption to which the debtors would otherwise be entitled.[23] The debtors' motion to avoid judicial lien will therefore be granted.

---

[19] 11 U.S.C. § 101(36) (2008).

[20] 11 U.S.C. § 522(f)(1) (2008).

[21] *See* Proof of Claim No. 12, filed Aug. 25, 2008.

[22] *See* Proof of Claim No. 6, filed May 27, 2008.

[23] 11 U.S.C. § 522(f)(2)(A) (2008).

Conclusion

Ms. King holds a general unsecured claim in this bankruptcy case. She doesn't hold an interest in the debtors' residence because her judicial lien will be set aside under § 522(f). The financing statement she filed also provides no basis for a secured claim. There is no underlying security agreement between herself and the debtors. Further, the act of filing the financing statement is void because Ms. King filed the statement after the Browns' bankruptcy petition was filed, in violation of the automatic stay.

The debtors' motion to avoid judicial lien will be granted and their objection to Ms. King's proof of claim will be sustained. An order will be entered consistent with this memorandum.

DATED: November 17, 2008

                              BY THE COURT

                              /s/ Donald MacDonald IV
                              DONALD MacDONALD IV
                              United States Bankruptcy Judge

Serve:  C. Johansen, Esq.
        L. Levengood, Esq.
        L. Compton, Trustee
        U. S. Trustee

11/17/08