# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

**Filed On 12/23/08**

In re:

RANDALL ALLAN BROWN and TERRI LYNN BROWN,

      Debtors.

Case No. A08-00235-DMD

Chapter 13

## MEMORANDUM ON CONFIRMATION

The debtors submitted an amended Chapter 13 plan on December 5, 2008. It was brought on for hearing December 17, 2008. Philomena King objected to confirmation on the grounds that she holds a nondischargeable claim for $28,780.00. While Ms. King does have a nondischargeable claim, the plan is nonetheless confirmable.

Ms. King's objections to confirmation go to the good faith of the debtors under 11 U.S.C. § 1325(a)(3). The Ninth Circuit B.A.P. adopted eleven factors for determining the good faith of Chapter 13 plans in *Fidelity & Casualty Co. of New York v Warren*.[1] They include:

> 1) The amount of the proposed payments and the amounts of the debtor's surplus;
> 2) The debtor's employment history, ability to earn, and likelihood of future increases in income;
> 3) The probable or expected duration of the plan;
> 4) The accuracy of the plan's statements of the debts, expenses and percentage of repayment of unsecured debt, and whether any inaccuracies are an attempt to mislead the court;
> 5) The extent of preferential treatment between classes of creditors;
> 6) The extent of which secured claims are modified;

---

[1] (In re Warren), 89 B.R. 87, 93 (9th Cir. B.A.P. 1988).

>7) The type of debt sought to be discharged, and whether any such debt is nondischargeable in Chapter 7;
>8) The existence of special circumstances such as inordinate medical expenses;
>9) The frequency with which the debtor has sought relief under the Bankruptcy Reform Act;
>10) The motivation and sincerity of the debtor in seeking Chapter 13 relief; and
>11) The burden which the plan's administration would place upon the trustee.

Applying the *Warren* factors leads to mixed results. The amount of the proposed payments is $1,032.00 a month. According to the debtors' Schedules I and J, the debtors' net income is $1,031.86 per month. The debtors have a contingency factor of $300.00 per month which could be considered surplus. No one inquired as to the debtors' employment history. Mr. Brown did volunteer that he hopes to get a job on the North Slope. This could mean a substantial increase in his $6,000.00 per month income. The duration of the plan is sixty months. The plan indicates unsecured creditors will receive a 21.8% dividend. My computation yields a 19.8% dividend to unsecured creditors. Overall, the plan is accurate. The 2% differential regarding the dividend was not an attempt to mislead the court. There is no preferential treatment among classes of creditors. Secured claims, other than the debtors' mortgage, are modified so that they are amortized over the life of the plan.

The debtors seek to discharge secured and unsecured debt over a five year term. The unsecured debt includes the debt of Philomena King. Ms. King's debt is nondischargeable under 11 U.S.C. § 523(a)(2) as fraud and under 11 U.S.C. § 523(a)(6) as a wilful and malicious injury. Ms. King failed to file a timely exception to discharge action in this Chapter 13. Mr. Brown fraudulently sold a side dump trailer to Ms. King. He took $26,000.00 of her money, spent it, and failed to pay the lienholder, Matanuska Valley Federal Credit Union. The credit union foreclosed on the trailer leaving Ms. King without her $26,000.00 or the trailer.

2

There do not appear to be any special circumstances that surround this Chapter 13 filing. The debtors have not sought prior bankruptcy relief. The debtors appear sincere in seeking Chapter 13 relief. They are facing a home foreclosure, past due taxes to the Internal Revenue Service and the Matanuska-Susitna Borough, and a variety of other delinquencies. The plan would place no undue burden on the Chapter 13 trustee.

The fact that the Browns seek to discharge an otherwise nondischargeable debt does not establish bad faith.[2] My view of the overall circumstances of the case indicates the debtors meet the requirements of 11 U.S.C. § 1325(a)(3). Their plan will be confirmed.

DATED: December 23, 2008.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:   C. Johansen, Esq.
         L. Levengood, Esq.
         L. Compton, Trustee
         U.S. Trustee

12/23/08

---

[2] *Street v. Lawson* (In re Street), 55 B.R. 763 (9th Cir. B.A.P. 1985).